UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:13-cv-00157-GCM

| | | |
|---|---|---|
| ANGELA A. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment (Doc. No. 9) and the Commissioner's Motion for Summary Judgment (Doc. No. 13). Having carefully considered such motions and reviewed the pleadings, the Court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Administrative History

Plaintiff filed an application for a period of disability and Disability Insurance Benefits on July 20, 2010. The Commissioner denied Plaintiff's claim initially on November 19, 2010, and again on reconsideration on March 7, 2011. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and ALJ Jacobson heard the case on August 22, 2012. Subsequently, the

1

ALJ issued a decision on September 20, 2012, which was unfavorable to Plaintiff, from which Plaintiff appealed to the Appeals Council. Plaintiff's request for review was denied and the ALJ's decision affirmed by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, Plaintiff timely filed this action.

## II.     Factual Background

Because the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III.    Standard of Review

The Social Security Act, 42 U.S.C. § 405(g), limits this Court's review of a final decision of the Commissioner to whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "evidence which a reasoning mind might accept as adequate to support a conclusion" and is "more than a mere scintilla . . . , but may be somewhat less than a preponderance." *Id.* at 1456; *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

The very language of section 405(g) precludes the Court from reviewing a final decision of the Commissioner *de novo*; it is the responsibility of the ALJ and not the Courts to make findings of fact and to resolve conflicts of evidence. *See* 42 U.S.C. § 405(g); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). The Court cannot substitute its judgment for that of the Commissioner, even if the Court would have decided differently, so long as the ALJ's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982); *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

## IV. Substantial Evidence

### A. Introduction

The Court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had he been presented with the same testimony and evidentiary materials, but whether the decision of the ALJ is supported by substantial evidence. *See Hays*. 907 F.3d at 1456. The undersigned finds that it is.

### B. Sequential Evaluation

A five-step process, known as "sequential review," is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and

(5) Whether the claimant is able to do any other work, considering his RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v). In this case, the ALJ determined Plaintiff was not disabled at the fourth step of the sequential evaluation process.

**C.   The Administrative Decision**

Specifically, the ALJ first concluded that the Plaintiff had not engaged in any substantial gainful activity since May 15, 2010, the alleged onset date. Tr. at

15. At the second step, the ALJ concluded that the Plaintiff suffered from severe impairments, including: gastroparesis, irritable bowel syndrome ("IBS"), headaches, mood disorder, and anxiety disorder. Tr. at 15-16. At the third step, the ALJ concluded that the Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. at 16-18.

The ALJ went on to find that Plaintiff had the RFC to perform medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c), but that the Plaintiff cannot have concentrated exposure to hazards, such as moving machinery or unprotected heights, and that the claimant is limited to semi-skilled work. Tr. at 18-22. At the fourth step, the ALJ concluded that the Plaintiff is capable of performing past relevant work as a daycare assistant and a hosiery folder, finding that these jobs do not require the performance of work-related activities precluded by the Plaintiff's RFC. Tr. at 22-24.

### D. Discussion

#### 1. Plaintiff's Assignments of Error

Plaintiff has made the following assignments of error: (1) whether the ALJ improperly evaluated Plaintiff's credibility and the resulting RFC, and (2) whether the ALJ improperly evaluated the medical opinion of Plaintiff's treating

physician's assistant ("PA"). Plaintiff's assignments of error will be discussed in turn.

2.  **First Assignment of Error**

Plaintiff takes issue with the ALJ's findings concerning the severity of her symptoms and the limitations the ALJ set forth in the RFC. The ALJ is solely responsible for determining the Residual Functional Capacity (hereinafter "RFC") of a claimant. 20 C.F.R. § 404.1546(c). In determining RFC, the ALJ must consider the functional limitations and restrictions resulting from the claimant's medically determinable impairments. S.S.R. 96-8p. Inasmuch as RFC is determined at the fourth step of the sequential evaluation process, the burden is on the claimant to establish that he or she suffers from a physical or mental impairment which limits functional capacity. *Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

The ALJ ultimately found that the Plaintiff's allegations concerning the severity of her symptoms and limitations are not supported by objective clinical findings. Tr. at 19. The record supports the ALJ's credibility analysis—Plaintiff testified that she consistently suffered extreme pain, bloating, swelling, and nausea (*see* Tr. at 36, 38); yet, the record is replete with medical evidence of normal

physical examinations, a lack of acute distress, and that the Plaintiff did not consistently report these symptoms to treating sources. *See* Tr. at 231, 309, 378-81, 387, 583-84, 594-95, 650-51, 655-56, 658, 679, 685.[1]

Even when the Plaintiff did report some of her symptoms, her perception of them was contradicted by the physical examinations, which were often unremarkable. *See* Tr. at 593-95, 654-55. Not only did she have a number of normal physical examinations, but Plaintiff was often observed as not being in any acute distress during the relevant period. *See* Tr. at 650-51, 653-54, 309, 387, 442, 658, 677, 681, 684-85. These instances all stand in stark contrast to Plaintiff's own testimony (*see* Tr. at 36, 38), and create a conflict that was solely for the ALJ to resolve when determining Plaintiff's RFC. *See Hays*, 907 F.2d at 1456.

Moreover, there is evidence in the record that Plaintiff's symptoms had improved post-medication and treatment, which the Fourth Circuit has held is a basis for a finding of not disabled. *See* Tr. at 231, 651, 685; *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (holding that a symptom which can be reasonably

---

[1] Plaintiff argues that the ALJ's credibility analysis is faulty because the ALJ failed to mention numerous x-rays in his credibility analysis, as well as the fact that he noted that Plaintiff had only seen a specialist once after her alleged onset date. While substantial evidence supports the ALJ's findings without addressing these issues, the Court notes that (1) the ALJ does not need to discuss every piece of evidence that he considered (*see Mclain v. Schweiker*, 715 F.2d 866, 869 (4th Cir. 1983)), and (2) Plaintiff alleges that she saw seven specialists prior to her alleged onset date; yet, during that same period, a Dr. Giemetti noted that there was a significant difference between Plaintiff's perception of her distention and reality—she had a very normal abdominal exam. *See* Tr. at 251. It is for the ALJ and not the Courts to reconcile inconsistencies between Plaintiff's testimony and the medical evidence. *See Smith*, 795 F.2d at 345.

controlled by medication or treatment is not disabling). Dr. Bradshaw recommended that Plaintiff undergo a cholecystectomy, and after performing the operation himself on March 8, 2010, Plaintiff had a normal physical examination. *See* Tr. at 234, 238-39, 454. A physical examination in August 2011 was normal and Plaintiff did not specifically report that she was suffering any symptoms. Tr. at 654-55.

Further, after surgery, imaging revealed that Plaintiff's small bowel was normal, with no evidence of dilation, obstruction, mass, or mass effect. Tr. at 231. Plaintiff also exhibited a normal bowel transit time, a clear improvement over studies done prior to her surgery. *Cf.* Tr. at 444, 541 with Tr. at 231. Plaintiff also reported that Senna Tea resolved her constipation and medication helped her cramping. *See* Tr. at 654, 651.

The ALJ's resulting RFC is also supported by Dr. Drummond, one of the non-examining medical consultants, who after reviewing Plaintiff's records, opined that the Plaintiff was capable of doing medium work. Tr. at 80-81. The ALJ gave the Plaintiff the benefit of the doubt by imposing additional environmental limitations, due to headaches and the side effects of her medications; however, the rest of Dr. Drummond's findings are consistent with the record, and can constitute substantial evidence for the ALJ's decision. *See* Tr. at 21; *Smith*, 795 F.2d at 346.

The Fourth Circuit has established that it is within the province of the ALJ to reconcile inconsistencies in the evidence, that the claimant bears the risk of nonpersuasion, and that the ALJ's determinations concerning credibility are to be given "great weight." *Hays*, 907 F.2d at 1456; *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). Because there is more than substantial objective evidence in the record that contradicts Plaintiff's allegations of pain, the ALJ was authoritatively positioned to reconcile these inconsistencies in favor of a finding of not disabled, which must be given great weight. *See Hays*, 907 F.2d at 1456; *Shively*, 739 F.2d at 989. Thus, the ALJ's decisions concerning Plaintiff's credibility and the resulting RFC are supported by substantial evidence.

### 3. Second Assignment of Error

Plaintiff also takes issue with the ALJ's evaluation of Plaintiff's treating PA, Ms. Cornelia Kurth ("Ms. Kurth"). The ALJ's authority to weigh and reconcile inconsistencies in the evidence extends to opinions from medical sources. *See* 20 C.F.R. § 416.827(c); *Hays*, 907 F.2d at 1456. As a PA, Ms. Kurth is not an "acceptable medical source" under the regulations, and while the ALJ is still required to consider her opinion, it is not entitled any substantial weight or deference. *See* 20 C.F.R. §§ 404.1413(a), 416.913.

Even though he was able to do so, the ALJ did not discount Ms. Kurth's opinion because she was a PA, but instead focused on Ms. Kruth's opinion in the context of the record. *See* Tr. at 22. Ms. Kruth only performed cursory physical examinations that failed to demonstrate any severe impairments; yet Ms. Kruth concluded that the Plaintiff's gastroparesis would limit Plaintiff's ability to work with any regularity. Tr. at 641-47. Simply put, Ms. Kruth's conclusion that Plaintiff would not be able to work has no basis in her own notes, and as discussed *supra*, there is significant objective medical evidence that contradicts her findings, a fact that allows the ALJ to afford her opinion significantly less weight. *See Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).

### E. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleading, and Plaintiff's assignments of error. Review of the entire record reveals that the ALJ's decision is supported by substantial evidence. *See Hays*; 907 F.2d at 1456; *Coffman*, 829 F.2d at 517. Having found that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," (*see Hays*, 907 F.2d at 1456) Plaintiff's Motion for Summary

Judgment is denied, the Commissioner's Motion for Summary Judgment is granted, and the decision of the ALJ is affirmed.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED**;

(2) the Plaintiff's Motion for Summary Judgment (Doc. No. 9) is **DENIED**.

(3) the Commissioner's Motion for Summary Judgment (Doc. No. 13) is **GRANTED**; and

(4) this action is **DISMISSED**.

Signed: December 11, 2014

Graham C. Mullen
United States District Judge